He v. Holder

BIA
Videla, IJ
A099 683 977

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
        *Circuit Judges*.

QI PING HE,
        *Petitioner*,

        v.                                    13-2466
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

FOR PETITIONER:        Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Ping He, a native and citizen of China, seeks review of a June 7, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") September 23, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Ping He*, No. A099 683 077 (B.I.A. Jun. 7, 2013), *aff'g* No. A099 683 077 (Immig. Ct. N.Y. City Sept. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The applicable standards of review are well established. *Id.* at 513-14. Because He does not challenge the IJ's denial of CAT relief, this issue is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

To be eligible for asylum, an applicant must establish his status as a "refugee" under the INA. 8 U.S.C. § 1158(b)(1)(B). The applicant may do so by demonstrating

2

either that he has suffered "persecution" or that he has a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).

The agency reasonably determined that He failed to establish past persecution. Contrary to He's argument, this Court has held that an individual is not *per se* eligible for asylum based on the sterilization of a spouse because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296, 308 (2d Cir. 2007)(en banc). He's wife's sterilization, alone, does not constitute past persecution as to He. As the agency observed, He testified that he had no contact with police, nor did he have any personal encounters with family planning officials.

While a fine *may* rise to the level of persecution, He has not offered any proof that he suffered "severe economic disadvantage" based on the 300 Yuan fine his family paid Chinese officials. *In re T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007); *see also Guan Shan Liao v. U.S. DOJ*, 293 F.3d

61, 70 (2d Cir. 2002). In the absence of such proof, He cannot show past persecution based on this fine.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency reasonably concluded that He failed to demonstrate such a fear based on his claim that he would be detained and fined for illegally leaving China. "Punishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. DOJ*, 962 F.2d 234, 239 (2d Cir. 1992). He has not submitted any evidence that his anticipated detention or fine for illegal departure from China would be based on a motive other than law enforcement. Nor does the record contain any evidence that his punishment would rise to the level of persecution. According to the 2007 Department of State Profile of Country Conditions, Chinese citizens returning after illegally entering other countries were typically "detained long enough . . . for relatives to arrange their travel home," and "[f]ines are rare." The same report states that "U.S. officials in China have not confirmed any cases of abuse of persons returned to

4

China from the United States for illegal entry." Consequently, He's fear of future persecution is not objectively reasonable. *See Ramsameachire*, 357 F.3d at 178. He's testimony of his subjective fear is not enough to establish a well-founded fear of future persecution. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record for [petitioner's] assertion that he will be subjected to [persecution], his fear is speculative at best.").

As He has failed to establish his eligibility for asylum it follows that he cannot satisfy the higher standard for withholding of removal. *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk